UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA MEDICAL FACILITY, et al.,<br><br>    Defendants. | No. 2:18-cv-2314 DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding through counsel, John Stringer, Esq. Shortly after this action was initiated and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's complaint was screened and found not to state a claim. (ECF No. 6.) Plaintiff was then granted thirty days to file a notice as to whether he wished to stand on his complaint, to dismiss this case, or to file a first amended complaint. When the thirty-day period passed, and plaintiff (through his counsel) did not respond, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for failure to comply with a court order and failure to prosecute. (ECF No. 11.) On April 12, 2019, plaintiff's counsel finally submitted a response to the OSC and a first amended complaint, which is now before the Court for screening.[1] (ECF No. 12.)

---

[1] Plaintiff has now twice written to the Court to seek the status of this case and to convey that he has been unable to communicate with Mr. Stringer since the case was initiated in August 2018, despite having written him several letters. (See ECF Nos. 14-15.) As a one-time courtesy, the

1

**I.     Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

---

Court will direct the Clerk's Office to provide plaintiff with a copy of the docket, the complaint, the first amended complaint, and the Court's recent orders. However, so long as Mr. Stringer is listed as counsel of record for plaintiff, any communications between plaintiff and this Court are improper. If plaintiff continues to be dissatisfied with Mr. Stringer's representation of him, plaintiff retains the right to seek new counsel or to relieve current counsel and proceed in pro per.

2

**III.     Plaintiff's Allegations**

At all times relevant to this action, plaintiff was a state prisoner housed at California Medical Facility ("CMF") in Vacaville, California. He names as defendants CMF; Dr. Joseph Bick, CMF's Chief Medical Executive; and Does 1-50.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff suffers from a variety of debilitating medical conditions, including constant left leg pain, impaired mobility, spinal stenosis, and depression. Plaintiff has complained of ongoing pain and lack of medical attention, but unidentified "medical staff" have told plaintiff that there is "nothing wrong with you." Plaintiff contends this attitude stems from his litigation activities at CMF. Plaintiff sues for violation of his Fourteenth Amendment Due Process and Eighth Amendment rights. He also asserts state law claims for negligence, medical malpractice, and intentional infliction of emotional distress. Plaintiff seeks damages.

**V.      Discussion**

**A.      Short and Plain Statement of the Claim**

Plaintiff's first amended complaint suffers the same infirmaries as his complaint, which is to say it provides no allegations at all regarding how the defendants violated his rights. Rule 8 of the Federal Rules of Civil Procedure mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that each allegation "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Here, however, other than claiming again that "medical staff" have denied plaintiff adequate medical care, the pleading fails to set forth relevant specifics, such as who allegedly mistreated plaintiff, when such incidents occurred, and how the named defendants are involved.

While plaintiff does attach 12 pages of medical records to his pleading, the Court declines to peruse these records in search of factual allegations that would state a claim. The complaint must not force the Court and defendant to guess at what is being alleged against whom, require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff to submit," or require the Court and defendant to prepare lengthy outlines "to determine who is being sued for what." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also

Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong").

For this reason alone, plaintiff's first amended complaint must be dismissed.

**B.  Linkage**

In addition, the Civil Rights Act requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under 42 USC § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

A supervisor may be held liable under section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not met these requirements here. He must clearly state which defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his complaint must put each defendant on notice of plaintiff's claims against him or her. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).

////

### C. Eleventh Amendment

Plaintiff again names CMF as one of the defendants in this case. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Tennessee v. Lane, 541 U.S. 509, 517 (2004). The Eleventh Amendment also bars suits against a state's agencies. See Puerto Rico Aqueduct, 506 U.S. at 144; Brooks, 951 F.2d at 1053; Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005). In addition, California prisons are entitled to Eleventh Amendment immunity. Lopez v. Wasco State Prison, 2008 WL 5381696, at *4 (E.D. Cal. Dec. 22, 2008) (citation omitted).

Thus, defendant CMF is entitled to Eleventh Amendment immunity and must be dismissed.

### D. Eighth Amendment Deliberate Indifference

Plaintiff against asserts a Fourteenth Amendment Due Process claim, but since he appears to be challenging the provision of medical care at CMF, the Court against construes this as a claim brought pursuant to the Eighth Amendment for medical indifference.

Generally, the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson, 503 U.S. at 5 (citing Whitley, 475 U.S. at 320). In order to prevail on a claim of cruel and unusual punishment, however, a prisoner must allege and prove that objectively he suffered a sufficiently serious deprivation and that

5

subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

If a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of

mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Again, because plaintiff's allegations are so factually sparse, the Court cannot properly assess them. There is no information as to who denied or delayed plaintiff's medical care, under what circumstances that conduct occurred, when it occurred, etc. It is thus impossible to consider whether the defendants acted with deliberate indifference to plaintiff's serious medical needs.

### E. First Amendment Retaliation

Plaintiff's allegations suggest that some medical staff denied plaintiff medical care because he is a "litigator." If plaintiff intends to assert a First Amendment retaliation claim, he is again informed that he must comply with the following requirements to state a claim.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted); see also Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011) (prisoners retain First Amendment rights not inconsistent with their prisoner status or penological objectives, including the right to file inmate appeals and the right to pursue civil rights litigation).

**F. State Law Claims**

Lastly, plaintiff asserts state law claims for negligence, medical malpractice, and intentional infliction of emotional distress. In the absence of an actionable federal claim, though, the court declines to consider these claims. See 28 U.S.C. § 1367.

**VI. Conclusion**

Based on the foregoing, the Court once more concludes that plaintiff fails to state a claim. The Court will, however, grant plaintiff an opportunity to file a second amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the aforementioned claims and defendants, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The April 1, 2019, Order to Show Cause is vacated;

2. Within thirty (30) days from the date of service of this order, plaintiff must file either a second amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint;

3. If plaintiff fails to file a second amended complaint or a notice of voluntary dismissal, the Court will issue findings and recommendations to dismiss this action for failure to comply with a court order and failure to prosecute; and

4. The Clerk of Court is directed to send a copy of the listed documents below on plaintiff at the following address:

> JULIUS ANDERSON
> K-33897, C-105
> P.O. BOX 2500
> VACAVILLE, CA 95696

- This Order,
- The docket,
- The August 24, 2018 complaint (ECF No. 1),
- The October 30, 2018 Screening Order (ECF No. 6),
- The April 1, 2019 Order to Show Cause (ECF No. 11),
- Plaintiff's April 12, 2019 response to the Order to Show Cause (ECF No. 13), and

- The April 12, 2019 first amended complaint (ECF No. 12).

Dated: August 5, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/ande2314.scrn 1AC