UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS ANDERSON, | No. 2:18-cv-2314 DB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA MEDICAL FACILITY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel, John Stringer, Esq. Shortly after this action was initiated and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), plaintiff's complaint was screened and found to be devoid of a cognizable claim. (ECF No. 6.) Plaintiff was then granted thirty days to file a notice as to whether he wished to stand on his complaint, to dismiss this case, or to file a first amended complaint. When plaintiff (through his counsel) did not respond within that thirty-day period, the Court issued an Order to Show Cause ("OSC") why this action should not be dismissed for failure to comply with a court order and failure to prosecute. (ECF No. 11.) On April 12, 2019, plaintiff's counsel finally submitted a response to the OSC and a First Amended Complaint, which the Court screened on August 6, 2019, and again found to be devoid of a claim. (ECF No. 18.) Plaintiff was then given another thirty days to file a notice as to how he wished to proceed.

Relevant here, and as addressed in the August 6, 2019, Screening Order, plaintiff has been dissatisfied with Mr. Stringer's legal representation of him:

> Plaintiff has now twice written to the Court to seek the status of this case and to convey that he has been unable to communicate with Mr. Stringer since the case was initiated in August 2018, despite having written him several letters. (See ECF Nos. 14-15.) As a one-time courtesy, the Court will direct the Clerk's Office to provide plaintiff with a copy of the docket, the complaint, the first amended complaint, and the Court's recent orders. However, so long as Mr. Stringer is listed as counsel of record for plaintiff, any communications between plaintiff and this Court are improper. If plaintiff continues to be dissatisfied with Mr. Stringer's representation of him, plaintiff of course retains the right to seek new counsel or to relieve current counsel and proceed in pro per.

(ECF No. 19 at 1 n.1.)

Plaintiff has since filed a notice that he has terminated Mr. Stringer's services. (ECF No. 23.) The Court construes this notice as a motion for withdrawal pursuant to Local Rule 182. Good cause appearing, this request will be granted.

This notice also includes a request that the Court order Mr. Stringer to return plaintiff's case files. Because Mr. Stringer is not a party to this action, the Court lacks jurisdiction to direct him to return plaintiff's files. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") This request will therefore be denied.

Lastly, plaintiff moves the Court to allow him to file a document titled "Third Amended Complaint." (ECF No. 20.) This appears to be a misnomer since the most recent operative pleading was a First Amended Complaint. In any event, this request too will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for withdrawal (ECF No. 23) is granted. Mr. Stringer is no longer representing plaintiff in this action, and plaintiff is now proceeding in pro per.

    Plaintiff's mailing address, as per his most recent court filing, is:
    JULIUS ANDERSON
    K-33896, C-105
    P.O. BOX 2500
    VACAVILLE, CA 95696-2500

2. Plaintiff's request for an order directing Mr. Stringer to return his case files is DENIED;

3. Plaintiff's motion to amend (ECF No. 20) is GRANTED;

4. The Clerk of Court is directed to rename the pleading filed at ECF No. 21 as a "Second Amended Complaint."

Dated: January 27, 2020

/DLB7;
DB/Inbox/Routine/ande2314.notice

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3